1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| MELISSA BELGAU, DONNA BYBEE, MICHAEL STONE, RICHARD OSTRANDER, MIRIAM TORRES, KATHERINE NEWMAN, GARY HONC, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>JAY INSLEE, in His Official Capacity as Governor of the State of Washington; DAVID SCHUMACHER, in His Official Capacity as Director of the Washington Office of Financial Management; JOHN WEISMAN, in His Official Capacity as Director of the Washington Department of Health; CHERYL STRANGE, in Her Official Capacity as Director of the Washington Department of Social and Health Services; ROGER MILLAR, in His Official Capacity as Director of the Washington Department of Transportation; JOEL SACKS, in His Official Capacity as Dir. of Washington Department of Labor and Industries; WASHINGTON FEDERATION OF STATE EMPLOYEES (AFSCME, COUNCIL 28), a labor corporation,<br><br>Defendants. | Case No. 3:18-cv-5620<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES – CLASS ACTION** |

COMPLAINT
No.

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**INTRODUCTION**

1.     This class action case concerns whether union dues/fees deductions from State employees' wages since *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 ( 2018) are legal if the State employees have not clearly and affirmatively consented to the deductions by waiving their constitutional right to not fund union political advocacy ("union advocacy").

2.     Plaintiffs Melissa Belgau, Michael Stone, Richard Ostrander, Miriam Torres, Katherine Newman, Donna Bybee, Gary Honc, and class members are Washington State employees from whose wages the State continues to deduct union dues/fees after the U.S. Supreme Court issued *Janus v. AFSCME, Council 31*, on June 27, 2018, despite the fact that Plaintiffs have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy. The State remits those deductions to the Washington Federation of State Employees ("WFSE").

3.     The State of Washington and WFSE ("Defendants") claim the continued deductions are proper. They do so based on Plaintiffs' and class members' signatures on dues deduction agreements which allegedly authorize and bind Plaintiffs to continued deductions for a set period of time despite the fact that Plaintiffs' and class members' signed those agreements at a time when the relevant collective bargaining agreement included a compulsory agency fee provision, and the right to not fund union advocacy was not recognized by the U.S. Supreme Court in *Janus v. AFSCME, Council 31*, on June 27, 2019.

4.     RCW 41.80.100 and Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6[1] authorize and compel the State to deduct union dues/fees ("dues") from Plaintiffs' and class members' wages and forward them to WFSE despite the fact that Plaintiffs have not clearly and

---

[1] Available at https://ofm.wa.gov/sites/default/files/public/legacy/labor/agreements/17-19/wfse_gg.pdf (last visited July 30, 2018).

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1   affirmatively consented to the deductions by waiving the constitutional right to not fund union

2   advocacy. The statute and CBA provisions and Defendants' actions taken pursuant to them,

3   therefore, impermissibly infringe on Plaintiffs' and class members' First Amendment rights of

4   free speech and free association.

5        5.      This is a civil rights class action pursuant to 42 U.S.C. § 1983, seeking declaratory

6   judgment, injunctive relief, as well as nominal, compensatory, and punitive damages and

7   restitution of union dues illegally seized from Plaintiffs and the class members they seek to

8   represent. Defendants are state actors acting under the color of state law—specifically RCW

9   41.80.100 and the Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6.

10                          **II. JURISDICTION AND VENUE**

11       6.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, because it

12  arises under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C § 1983.

13  This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other

14  relief, including preliminary and permanent injunctive relief, pursuant to Rule 65 of the Federal

15  Rules of Civil Pocedure.

16       7.      Under 28 U.S.C. § 1367 this Court has supplemental jurisdiction over claims stated

17  in this Complaint that do not arise under federal law but are so related to the federal claims as to

18  form part of the same case or controversy.

19       8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and intra-district

20  assignment to the Tacoma Division is proper because the claims arise in this judicial district and

21  division and Defendants do business and operate in this judicial district and division.

22

23

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1

### III. PARTIES

2    9.    Plaintiff **Melissa Belgau** works for the State of Washington in the Department of

3    Health as a Washington Emergency Medical Services Information System Administrator.

4    **Michael Stone** works for the State of Washington in the Department of Social and Health

5    Services as a Support Enforcement Officer. **Richard Ostrander** works for the State of

6    Washington in the Department of Transportation as a Maintenance Technician. **Miriam Torres**

7    is a Workfirst Program Specialist at the Washington State Department of Social and Health

8    Services. **Katherine Newman** works for the State of Washington at the Health Care Authority as

9    an Information Technology Specialist. **Donna Bybee** works for the State of Washington in the

10   Department of Health as a Trauma Registry Administrator. **Gary Honc** works for the Washington

11   Department of Labor and Industries as an Insurance Underwriter. Plaintiffs Belgau, Stone,

12   Ostrander, Torres, Newman, Bybee, and Honc signed dues deduction agreements before June 27,

13   2018. Named Plaintiffs and class members are Washington State employees whose exclusive

14   representative is WFSE. The state of Washington has deducted union dues from Plaintiffs and

15   class members since *Janus v. AFSCME, Council 31* issued on June 27, 2018 despite the fact that

16   Plaintiffs and class members have not clearly and affirmatively consented to the deductions by

17   waiving the constitutional right to not fund union advocacy.

18   10.   Defendant Jay Inslee is Governor of Washington and is sued in his official capacity.

19   As Governor, Defendant Inslee is Washington's chief executive officer and represents the State

20   in collective bargaining with WFSE. See RCW 41.80.101(1).

21   11.   Defendant David Schumacher is Director of the Washington State Office of

22   Financial Management ("OFM"), the agency designated by the governor to collectively bargain

23   with WFSE, and is sued in his official capacity. Defendant David Schumacher by and through

24

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    OFM is charged with the responsibility of overseeing OFM, which is responsible for

2    administering Plaintiffs' and class members' wages, as well as deducting from those wages union

3    dues/fees and remitting them to WFSE pursuant to RCW 41.80.100 and Amended 2017-2019

4    CBA Art. 40.2, 40.3, and 40.6.

5         12.    Defendant John Weisman is the Director of the Washington State Department of

6    Health and is sued in his official capacity.

7         13.    Defendant Cheryl Strange is the Director of the Washington State Department of

8    Social and Health Services and is sued in her official capacity.

9         14.    Roger Millar is Director of the Washington State Department of Transportation and

10   is sued in his official capacity. Joel Sacks is Director of the Washington State Department of

11   Labor and Industries and is sued in his official capacity.

12        15.    Defendant Washington Federation of State Employees, American Federation of

13   State, County, Municipal, Employees, Council 28 ("WFSE") is a labor union that represents over

14   35,000 public employees in Washington, and is headquartered at 1212 Jefferson Street, Suite 300,

15   Olympia, WA 98501. WFSE is the State-recognized exclusive representative of Plaintiffs and

16   class members. WFSE represents Plaintiffs and other Washington State employees throughout 36

17   State agencies, and the CBA applicable to Plaintiffs also applies to those Washington State

18   employees and agencies.

19                              **IV. STATEMENT OF FACTS**

20        16.    Plaintiffs and class members are Washington State employees exclusively

21   represented by WFSE and are subject to a single collective bargaining agreement applicable to

22   Washington State employees in bargaining units represented by WFSE. WFSE represents

23   Washington State employees in bargaining units in 36 different Washington State agencies.

24

COMPLAINT
NO.  3:18-cv-5620                                    4

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

17.     At all times during their employment prior to July 6, 2018, Defendants subjected Plaintiffs and class members to CBA provisions which required the deduction of union dues or dues equivalent fees from their wages as a condition of employment. *See* Pre-amended 2017-19 CBA art. 40.

18.     Employees who objected to union membership and the payment of any union dues/fees were still required to pay a "representation fee equal to the pro rata share of the full membership fee that is related to collective bargaining…", i.e., an agency fee the amount of which WFSE determined. Pre-amended 2017-19 CBA art. 40.3(C).

19.     RCW 41.80.100 required Plaintiffs and class members to pay at least an agency fee to WFSE as a condition of employment. Before June 27, 2018, absent at least this minimum payment, Plaintiffs' and class members' employment would be terminated. Pre-amended CBA art. 40.3(D), 40.5. According to WFSE's 2017 accounting, the agency fee assessed to objecting nonunion employees was 77.8% of full union dues.

20.     On June 27, 2018, the U.S. Supreme Court in *Janus v. AFSCME, Council 31*, held that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." 138 S. Ct. at 2486. The Supreme Court also held that agreeing to make any payments to a union constitutes a waiver of a constitutional right and that "such a waiver cannot be presumed" and "must be freely given and shown by clear and convincing evidence." *Id.*

21.     On July 6, 2018, the State and WFSE executed an Amended CBA with a Memorandum of Understanding ("MOU") which removed the CBA's compulsory agency fee provision but still required the continued deduction of full union dues from the wages of Plaintiffs

1   and class members.

2   22.    Since June 27, 2018, Plaintiffs have communicated in writing to the State and

3   WFSE that they object to union membership and the payment of any union dues/fees.

4   23.    Despite the Supreme Court's ruling in *Janus v. AFSCME, Council 31* and Plaintiffs'

5   objections, the State continues to deduct union dues/fees from Plaintiffs' wages and remit them

6   to WFSE pursuant to RCW 41.80.100 and the MOU.

7   24.    WFSE has informed Plaintiffs that it has instructed the State to continue deducting

8   union dues/fees from Plaintiffs' wages.

9   25.    Plaintiffs' State employers have indicated to Plaintiffs that it will continue to deduct

10   union dues/fees from Plaintiffs' wages pursuant to WFSE's wishes and, in fact, have continued

11   to do so.

12   26.    Moreover, it is the official opinion of the Washington Attorney General that

13   Plaintiffs' dues deduction agreements are not impacted by *Janus v. AFSCME, Council 31*, because

14   he alleges Plaintiffs dues deduction agreements, signed before *Janus*, are "agreements between a

15   union and its members to pay union dues." The Washington Attorney General states,

16       The *Janus* decision does not impact any agreements between a union and its
         members to pay union dues, and existing membership cards or other agreements by
17       union members to pay dues should continue to be honored. The opinion only
         impacts the payment of an agency service fee by individuals who decline union
18       membership.[2]

19   27.    Plaintiffs' Washington State employers take the same position as the Washington

20   Attorney General, as do all of Washington's State employers (Washington State agencies).

21   28.    Defendants contend the continued dues/fee deductions are lawful because of dues

22   deduction agreements signed by Plaintiffs before June 27, 2018 which purport to authorize union

23   ───────────────

24   [2]   Available   at   https://www.atg.wa.gov/news/news-releases/attorney-general-ferguson-issues-advisory-affirming-labor-rights-and-obligations (last visited August 1, 2018).

dues deductions from Plaintiffs' wages. The agreement stated, "Effective immediately, I hereby voluntarily authorize and direct my Employer to deduct from my pay each pay period, the amount of dues as set in accordance with the WFSE Constitution and By-Laws and authorize my Employer to remit such amounts semi-monthly to the Union (currently 1.5% of my salary per pay period not to exceed the maximum)."

29.     The dues deduction cards purport to authorize the State to deduct union dues from Plaintiffs' wages and remit them to WFSE. The cards state that authorization for the deductions will automatically renew annually unless the employee revokes the authorization between 10 and 20 days prior to the anniversary of the day Plaintiffs' signed the authorization. WFSE claims each plaintiff signed an identical card.

30.     WFSE will require Plaintiffs to continue paying union dues/fees until Plaintiffs object again within the aforementioned limited ten day period. In the meantime, WFSE is preventing Plaintiffs from cancelling union membership and the deduction of union dues/fees from Plaintiffs' wages.

31.     Amended CBA art. 40.2 requires State Defendants to "honor the terms and conditions of each employee's sign membership card." Amended CBA art. 40.2.

32.     Amended CBA art. 40.6 only allows employees to revoke the card's purported authorization for a payroll deduction "in accordance with the terms and conditions of their signed membership card."

33.     Plaintiffs signed the dues deduction cards at a time when the CBA included a compulsory agency fee provision, and the right to not fund union advocacy was not recognized by the U.S. Supreme Court in *Janus v. AFSCME, Council 31* on June 27, 2019.

34.     At the time Plaintiffs signed the cards, they had not previously clearly and

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    affirmatively consented to the payment of union dues/fees by waiving their constitutional right to

2    not fund union advocacy.

3        35.    The dues deduction cards contain no language indicating that a First Amendment

4    right was being, or potentially being, waived.

5        36.    The dues deduction cards contain no language indicating that they operated as a

6    waiver, or potential waiver, of a First Amendment right.

7        37.    Plaintiffs and class members are paid on the 10th and the 25th day of each month.

8    Absent injunctive relief, the State will continue deducting union dues/fees from Plaintiffs' and

9    class members' wages on this schedule.

10       38.    WFSE drafted the dues deduction agreements, WFSE proposed the agreements as

11   take-it-or-leave-it form contracts, Plaintiffs could not bargain over the terms of the dues deduction

12   authorizations, and Plaintiffs did not seek counsel and were not advised to seek counsel. Plaintiffs

13   were not made aware, either by the language of the agreements or by WFSE or State

14   representatives, of their constitutional right to not fund union advocacy or the significance of the

15   agreement as a waiver of this right.

16       39.    Plaintiffs cannot post a substantial bond to cover the amount of union dues that

17   would be deducted from employees' wages through the duration of preliminary injunctive relief.

18       40.    RCW 41.80.100 and Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6 authorize

19   and compel the State to deduct union dues/fees from Plaintiffs' and class members' wages and

20   forward them to WFSE despite the fact that Plaintiffs have not clearly and affirmatively consented

21   to the deductions by waiving the constitutional right to not fund union advocacy. The statute and

22   CBA provisions and Defendants' actions taken pursuant to them, therefore, impermissibly

23   infringe Plaintiffs' and class members' First Amendment rights of free speech and free

24

COMPLAINT
NO.  3:18-cv-5620                                8

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1  association, as secured against state infringement by the Fourteenth Amendment to the U.S.

2  Constitution.

3  ## V. CLASS ALLEGATIONS

4      41.    Plaintiffs bring this case as a class action pursuant to Federal Rules of Civil

5  Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3), for themselves and for all others

6  similarly situated, and any subclasses deemed appropriate by this Court. The class consists of all

7  individuals: 1) who are Washington State employees exclusively represented by WFSE as

8  described in paragraph 9 above; 2) from whom the State continues to deduct union dues/fees on

9  behalf of WFSE since the U.S. Supreme Court issued *Janus v. AFSCME* on June 27, 2018; and

10  3) who have not clearly and affirmatively consented to dues/fees deductions by waiving the

11  constitutional right to not fund union advocacy on or after June 27, 2018.  The class includes

12  everyone who comes within the class definition at any time from three years prior to the

13  commencement of this action until the conclusion of this action.

14      42.    Upon information and belief, there are hundreds, and likely thousands, of class

15  members. Their number is so numerous and in varying locations and jurisdictions across

16  Washington that joinder is impractical.

17      43.    There are questions of law and fact common to all class members, including

18  Plaintiffs. Factually, the State of Washington has continued to deduct union dues/fees from all

19  class members after *Janus v. AFSCME, Council 31* issued on June 27, 2018, and each Plaintiff

20  and class member either never signed union membership or dues deduction agreement or signed

21  a union membership or dues deduction agreement at a time when the relevant collective

22  bargaining agreement included a compulsory agency fee provision, and the right to not fund union

23  advocacy was yet to be recognized by the U.S. Supreme Court in *Janus v. AFSCME, Council 31*

24

COMPLAINT
NO.  3:18-cv-5620

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

on June 27, 2019. The State of Washington continues to deduct union dues/fees from Plaintiffs' and class members' wages. The question of law is the same for all class members: Do these deductions violate Plaintiffs' and class members' First Amendment rights?

44.     Plaintiffs' claims and defenses are typical of other members of the class because the State is seizing union dues/fees from class members since the issuance of *Janus v. AFSCME, Council 31* on June 27, 2018, even though they have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy because they either never signed dues deduction agreements or signed signed dues deduction agreements at a time when the relevant collective bargaining agreement included a compulsory agency fee provision, and the right to not fund union advocacy was yet to be recognized by the U.S. Supreme Court in *Janus v. AFSCME, Council 31* on June 27, 2018. The State and SEIU have an identical duty to Plaintiffs and all other class members regarding these claims.

45.     Plaintiffs can fairly and adequately represent the interests of the class and have no conflict with other, similarly situated class members. Plaintiffs also have no interest antagonistic to others who have been subjected by the State and SEIU to the aforementioned union dues/fee deductions.

46.     Defendants' duty to cease the aforementioned union dues/fee deductions and pay back all monies deducted at least since *Janus v. AFSCME, Council 31* issued on June 27, 2018 and, at most since each employee's employment began, applies equally to all in the respective class, and the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants.

47.     Defendants have acted to deprive Plaintiffs and each member of the class of their

constitutional rights on grounds generally applicable to all, thereby making appropriate declaratory, injunctive, and other equitable relief with regard to the class as a whole.

48.     The Plaintiffs and class are represented by the undersigned counsel pro bono. Counsel is employed by a long-established charitable organization experienced in furnishing representation to unionized public and partial-public employees whose constitutional rights have been violated.

49.     A class action can be maintained under Rule 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law and fact are common to all members of the class, i.e., whether the aforementioned dues deductions violate their First Amendment rights and whether certain dues deduction agreements constitute a valid waiver of a constitutional right if they are signed when the relevant collective bargaining agreement included a compulsory agency fee provision and before the right to not fund union advocacy was recognized by the U.S. Supreme Court in *Janus v. AFSCME, Council 31* on June 27, 2019. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in as much as the individual class members are deprived of the same rights by Defendants' actions, differing only in the amount of money deducted which is, for legal purposes, immaterial. This fact is known to the Defendants and easily calculated from Defendants' business records. The limited amount of money involved in the case of each individual's claim (union dues/fee deductions at least since *Janus v. AFSCME, Council 31* issued on June 27, 2018 or at most since each employee's employment began) would make it burdensome for the class members to maintain separate actions.

50.     A class action can be maintained under Rule 23(b)(1)(A) because separate actions

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

by class members could risk inconsistent adjudications on the underlying legal issues.

51.     A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of union dues/fees deductions in the aforementioned circumstances, as a practical matter, will be dispositive of the interests of all class members.

52.     The illegal actions taken by Defendants were taken pursuant to the same statutes and collective bargaining agreements, and constitute a concerted scheme resulting in the violation of Plaintiffs' and class members' rights. Additionally, the affiliation among the Defendants presents an organizational structure which makes it expedient for the named Plaintiffs and members of the of the class to proceed against all named Defendants.

## VI. CLAIMS FOR RELIEF

### CLAIM 1
### First Amendment, through 42 U.S.C. § 1983
***Deducting union dues/fees from Plaintiffs' wages pursuant to RCW 41.80.100 violates the First Amendment to the United States Constitution.***

53.     Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

54.     RCW 41.80.100, on its face and as applied, violates the Plaintiffs' First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to not associate with a mandatory representative, and to not support, financially or otherwise, petitioning and speech, and against compelled speech, because it authorizes and compels the State to deduct union dues/fees from Plaintiffs' and class members' wages even though they have not clearly and affirmatively consented to the deductions by waiving their constitutional right to not fund union advocacy; and because it forces Plaintiffs and class members to maintain union membership over their objection.

55.     Consent to fund union advocacy cannot be presumed and neither Plaintiffs nor class members waived their constitutional right to not fund union advocacy.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    56.    No compelling state interest justifies this infringement on Plaintiffs' First

2    Amendment rights.

3    57.    RCW 41.80.100 is significantly broader than necessary to serve any possible

4    alleged government interest.

5    58.    RCW 41.80.100 is not carefully or narrowly tailored to minimize the infringement

6    of free speech rights.

### CLAIM 2
### First Amendment, through 42 U.S.C. § 1983
***Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6 and other cited provisions of the CBA and the deductions of untion dues/fees from Plaintiffs' and class members' wages pursuant thereto violate the First Amendment to the United States Constitution.***

10    59.    Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

11    60.    Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6 and other cited provisions of

12    the CBA and any action thereto, on their face and as applied, violate Plaintiffs' First Amendment

13    rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983,

14    to not associate with a mandatory representative, and to not support, financially or otherwise,

15    petitioning and speech, and against compelled speech, because they compel the State to deduct

16    union dues/fees from Plaintiffs' and class members' wages and remit them to WFSE even though

17    they have not clearly and affirmatively consented to the deductions by waiving their constitutional

18    right to not fund union advocacy; and because they force Plaintiffs and class members to maintain

19    union membership over their objection.

20    61.    Consent to fund union advocacy cannot be presumed and neither Plaintiffs nor class

21    members waived their constitutional right to not fund union advocacy.

22    62.    No compelling state interest justifies this infringement on Plaintiffs' First

23    Amendment rights.

24

COMPLAINT
NO. 3:18-cv-5620

13

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

63.     Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6 are significantly broader than necessary to serve any possible alleged government interest.

64.     Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6 are not carefully or narrowly tailored to minimize the infringement of free speech rights.

### CLAIM 3
### First Amendment, through 42 U.S.C. § 1983
*Deducting union dues/ fees from Plaintiffs' and class members' wages violates Plaintiffs' freedom of association.*

65.     Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

66.     RCW 41.80.100, Amended 2017-2019 CBA Art. 40.2, 40.3, and/or 40.6, other cited provisions of the CBA, and Defendants' actions pursuant thereto violate Plaintiffs' and class members' First Amendment right to the freedom of association, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

67.     Consent to fund union advocacy cannot be presumed and neither Plaintiffs nor class members waived their constitutional right to not fund union advocacy.

68.     No compelling state interest justifies this infringement on Plaintiffs' and class members' First Amendment right to freedom of association.

69.     RCW 41.80.100, Amended 2017-2019 CBA Art. 40.2, 40.3, and/or 40.6 are significantly broader than necessary to serve any possible alleged government interest.

70.     RCW 41.80.100, Amended 2017-2019 CBA Art. 40.2, 40.3, and/or 40.6 are not carefully or narrowly tailored to minimize the infringement of free speech rights

### CLAIM 4
### First Amendment, through 42 U.S.C. § 1983
*Defendants have illegally conspired to knowingly deprive Plaintiffs and class members of their constitutional rights.*

71.     Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

72.     Defendants conspired to deprive Plaintiffs and class members of their First Amendment rights by unlawfully deducting union dues/fees from Plaintiffs' and class members' wages. There was an agreement to do so and a meeting of the minds to pursue this objective and Defendants took several overt acts, described above, to accomplish this objective.

73.     By deducting union/dues fees from Plaintiffs' and class members' wages in the manner described herein, Defendants acted with malice and showed a reckless and outrageous indifference to a highly unreasonable risk of harm and acted with a conscious indifference to the rights and welfare of others, including Plaintiffs.

**CLAIM 5**
**Unjust Enrichment**
***Defendants' scheme unjustly enriched Defendant WFSE.***

74.     Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

75.     WFSE received a benefit in the form of 1.5% of Plaintiffs' and class members' wages pursuant to the dues exaction scheme imposed by Defendants on Plaintiffs.

76.     WFSE benefited at Plaintiffs' and class members' expense because State Defendants deducted 1.5% of their wages and remitted the money to WFSE, and WFSE knew it benefited from receiving Plaintiffs' and class members' money.

77.     The circumstances of Defendants' scheme make it unjust for WFSE to retain the benefit.

**CLAIM 6**
**First Amendment, through 42 U.S.C. § 1983**
***Deducting union dues/fees from Plaintiffs' pursuant to RCW 41.80.100 and the Pre-amended CBA art. 40 violated the First Amendment to the United States Constitution.***

78.     Plaintiffs incorporate by reference and re-allege herein Paragraphs above.

79.     RCW 41.80.100 and Pre-amended 2017-2019 CBA Art. 40, as well as the 2015-2017 CBA Art. 40 and other cited provisions of the CBAs and any action thereto, on their face

COMPLAINT
No. 3:18-cv-5620                                    15

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1   and as applied, violate Plaintiffs' First Amendment rights, as secured against state infringement

2   by the Fourteenth Amendment and 42 U.S.C. § 1983, to not associate with a mandatory

3   representative, and to not support, financially or otherwise, petitioning and speech, and against

4   compelled speech, because they compelled the State to deduct union dues/fees from Plaintiffs'

5   and class members' wages and remit them to WFSE even though they had not clearly and

6   affirmatively consented to the deductions by waiving their constitutional right to not fund union

7   advocacy; and because they forced Plaintiffs and class members to maintain union membership

8   over their objection.

9       80.   Consent to fund union advocacy cannot be presumed and neither Plaintiffs nor class

10   members waived their constitutional right to not fund union advocacy.

11      81.   No compelling state interest justifies this infringement on Plaintiffs' First

12   Amendment rights.

13      82.   RCW 41.80.100 and Pre-amended 2017-2019 CBA Art. 40, as well as the 2015-

14   2017 CBA Art. 40 are significantly broader than necessary to serve any possible alleged

15   government interest.

16      83.   RCW 41.80.100 and Pre-amended 2017-2019 CBA Art. 40, as well as the 2015-

17   2017 CBA Art. 40 are not carefully or narrowly tailored to minimize the infringement of free

18   speech rights.

19                        **VI. PRAYER FOR RELIEF**

20      84.   Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

21      85.   Plaintiffs and class members have been injured as a result of Defendants' conduct

22   as described above by deducting union dues/fees even though Plaintiffs and class members have

23   not clearly and affirmatively consented to the deductions by waiving the constitutional right to

24

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

not fund union advocacy. Accordingly, Plaintiffs pray for the following relief:

86.  **Declaratory Judgment**: enter a Declaratory Judgment that RCW 41.80.100, Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6, and other cited provisions of the CBA on their face and as applied violates the First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, because they permits and compels the State to deduct union dues/fees from Plaintiffs' and class members' wages even though they have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy, and/or because it forces Plaintiffs and class members to maintain union membership over their objection, and are unconstitutional and of no effect;

87.  **Declaratory Judgment:** enter a Declaratory Judgment that the Washington AG's policy related to the application of *Janus v. AFSCME, Council 31*, to WFSE-represented State employees, cited herein, is unconstitutional and of no effect;

88.  **Declaratory Judgment**: enter a Declaratory Judgment that Defendants conspired to deprive Plaintiffs and class members of their First Amendment rights by deducting union dues/fees from their wages even though they have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy, and/or because by forcing Plaintiffs and class members to maintain union membership over their objection;

89.  **Declaratory Judgment:** enter a Declaratory Judgment that Defendants' deduction of monies from Plaintiffs' and class members' wages even though they have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy has been illegal and unconstitutional;

90.  **Declaratory Judgment:** enter a Declaratory Judgment that RCW 41.80.100, Pre-

COMPLAINT
NO.  3:18-cv-5620

17

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

amended 2017-2019 CBA art. 40, and the 2015-2017 CBA art. 40, and other cited provisions of the CBAs, and actions pursuant thereto, on their face and as applied, violate the First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, because they permit and compel the State to deduct union dues/fees from Plaintiffs' and class members' wages even though they have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy, and/or because they force Plaintiffs and class members to maintain union membership over their objection, and are unconstitutional and of no effect

91. **Preliminary injunction and/or Temporary Restraining Order:** issue a preliminary injunction and/or temporary restraining order enjoining Defendants from engaging in any activity this Court declares is illegal or likely illegal. Plaintiffs and class members are likely to prevail on the merits, likely to suffer irreparable harm in the absence of preliminary injunctive relief, the balance of equities tips in Plaintiffs' and class members' favor, and an injunction is in the public interest.

92. **Permanent injunction:** issue a permanent injunction enjoining Defendants from engaging in any activity this Court declares illegal, including but not limited to, the deduction of union dues/fees from Plaintiffs' and class members' wages, and the continuation and enforcement of RCW 41.80.100, Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6, and other cited provisions of the CBA, insofar as doing so is unconstitutional and of no effect.

93. **Compensatory Damages:** enter a judgment against Defendants awarding Plaintiffs and class members compensatory damages under Claims 1-6 in an amount equal to all union dues/fees deducted from Plaintiffs' and class members' wages going back to the extent of the

COMPLAINT
NO. 3:18-cv-5620

18

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1   relevant statute of limitations or the date each Plaintiff or class member began employment,

2   whichever is more recent, as well as mental anguish damages and restitution;

3      94.   **Compensatory Damages:** alternatively, enter a judgment against Defendants

4   awarding Plaintiffs and class members compensatory damages under Claims 1-5 in an amount

5   equal to the union dues/fees deducted from Plaintiffs' and class members' wages since *Janus v.*

6   *AFSCME, Council 31*, issued on June 27, 2018, as well as mental anguish damages and

7   restitution;

8      95.   **Punitive Damages:** enter a judgment awarding Plaintiffs and class members

9   punitive damages against Defendants based on Claims 1-6 because their conduct, described

10  above, was and is motivated by evil motive or intent, or involves reckless or callous indifference

11  to the federal and state rights of Plaintiffs and class members.

12     96.   **Costs and attorneys' fees:** award Plaintiffs their costs and reasonable attorneys'

13  fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988; and

14     97.   **Other relief:** grant Plaintiffs such other and additional relief as the Court may deem

15  just and proper.

16     Dated: August 2, 2018

17

18     By: s/ James G. Abernathy

19     James G. Abernathy, WSBA #48801
       c/o Freedom Foundation
20     P.O. Box 552
       Olympia, WA 98507
21     p. 360.956.3482
       f. 360.352.1874
22     jabernathy@freedomfoundation.com
       *Attorney for Plaintiffs*

23

24

1    By: s/ Hannah Sells

2         Hannah Sells, WSBA #52692
          c/o Freedom Foundation
3         P.O. Box 552
          Olympia, WA 98507
4         p. 360.956.3482
          f. 360.352.1874
5         hsells@freedomfoundation.com
          *Attorney for Plaintiffs*
6
     By: s/ Christi C. Goeller
7
          Christi C. Goeller, WSBA #33625
8         c/o Freedom Foundation
          P.O. Box 552
9         Olympia, WA 98507
          p. 360.956.3482
10        f. 360.352.1874
          cgoeller@freedomfoundation.com
11        *Attorney for Plaintiffs*

12   By: s/ Caleb Jon Vandenbos

13        Caleb Jon Vandenbos, WSBA #50231
          c/o Freedom Foundation
14        P.O. Box 552
          Olympia, WA 98507
15        p. 360.956.3482
          f. 360.352.1874
16        cvandenbos@freedomfoundation.com
          *Attorney for Plaintiffs*
17

18

19

20

21

22

23

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

MELISSA BELGAU, et al., individuals,

        Plaintiffs,

v.

INSLEE, et al.,

        Defendants.

Case No.  3:18-cv-5620

**DECLARATION OF MELISSA BELGAU VERIFYING COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES – CLASS ACTION**

## DECLARATION OF MELISSA BELGAU
## VERIFYING THE FOREGOING COMPLAINT

I, Melissa Belgau, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned case. I am over the age of eighteen (18) and am competent to testify to the following facts based on my personal knowledge, to which I could and would competently testify if called as a witness in this matter.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint for Injunctive Relief, Declaratory Judgment, and*

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1     *Damages*, and if called upon to testify I would competently testify as to the matters stated

2     herein.

3    3. I verify under penalty of perjury under the laws of the United States of America that the

4      factual statements in this foregoing Complaint concerning myself, my activities, and my

5      intentions are true and correct, and are factual statements concerning my employer, its

6      activities, and its intentions.

7 I declare under penalty of perjury that the foregoing is true and correct.

8 Executed on: __7/29/18__ , 2018.

9

10

                           Melissa Belgau

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DECLARATION VERIFYING COMPLAINT
3:18-cv-5620        2

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

MELISSA BELGAU, et al., in dividuals,

            Plaintiffs,

v.

INSLEE, et al.,

            Defendants.

Case No.   3:18-cv-5620

**DECLARATION OF DONNA BYBEE VERIFYING COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES - CLASS ACTION**

## DECLARATION OF DONNA BYBEE
## VERIFYING THE FOREGOING  COMPLAINT

I, Donna Bybee, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captio ned case. I am over the age of eighteen (18) and am competent to testify to the following facts based  on my personal knowledge, to which  I could and would competently testify if called as a witness in this matter.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint for Injunctive Relief, Declaratory Judgment, and Damages,* and if called upon to testify I would  competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of  the United States of America that the factual statements in this foregoing Complaint concerning myself , my activities, and my intentions are true and correct,  and  are  factual statements concerning my employer, its activities, and its intentions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____, 2018.

_____
                            Donna Bybee

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

MELISSA BELGAU, et al., individuals,

          Plaintiffs,

  v.

INSLEE, et al.,

          Defendants.

Case No.   3:18-cv-5620

**DECLARATION OF GARY HONC
VERIFYING COMPLAINT FOR
INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT, AND
DAMAGES – CLASS ACTION**

### DECLARATION OF GARY HONC
### VERIFYING THE FOREGOING COMPLAINT

I, Gary Honc, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned case. I am over the age of eighteen (18) and am competent to testify to the following facts based on my personal knowledge, to which I could and would competently testify if called as a witness in this matter.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint for Injunctive Relief, Declaratory Judgment, and*

DECLARATION VERIFYING COMPLAINT

3:18-cv-5620

1

herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this foregoing Complaint concerning myself, my activities, and my intentions are true and correct, and are factual statements concerning my employer, its activities, and its intentions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _AUGUST 1_, 2018.

_____
Gary Honc

DECLARATION VERIFYING COMPLAINT
3:18-cv-5620                                    2

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1
2
3
4
5
6

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

7
8

MELISSA BELGAU, et al., individuals,

         Plaintiffs,

v.

INSLEE, et al.,

         Defendants.

Case No.  3:18-cv-5620

**DECLARATION OF KATHERINE NEWMAN VERIFYING COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES – CLASS ACTION**

9
10
11
12
13
14
15
16
17

### DECLARATION OF KATHERINE NEWMAN
### VERIFYING THE FOREGOING COMPLAINT

I, Katherine Newman, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned case. I am over the age of eighteen (18) and am competent to testify to the following facts based on my personal knowledge, to which I could and would competently testify if called as a witness in this matter.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint for Injunctive Relief, Declaratory Judgment, and*

18
19
20
21
22
23
24

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1     *Damages*, and if called upon to testify I would competently testify as to the matters stated

2     herein.

3   3.  I verify under penalty of perjury under the laws of the United States of America that the

4     factual statements in this foregoing Complaint concerning myself, my activities, and my

5     intentions are true and correct, and are factual statements concerning my employer, its

6     activities, and its intentions.

7 I declare under penalty of perjury that the foregoing is true and correct.

8 Executed on: _____7/26_____, 2018.

10                                                 Katherine Newman

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

MELISSA BELGAU, et al., individuals,

        Plaintiffs,

  v.

INSLEE, et al.,

        Defendants.

Case No.  3:18-cv-5620

**DECLARATION OF RICHARD OSTRANDER VERIFYING COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES – CLASS ACTION**

**DECLARATION OF RICHARD OSTRANDER**
**VERIFYING THE FOREGOING COMPLAINT**

I, Richard Ostrander, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned case. I am over the age of eighteen (18) and am competent to testify to the following facts based on my personal knowledge, to which I could and would competently testify if called as a witness in this matter.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint for Injunctive Relief, Declaratory Judgment, and*

DECLARATION VERIFYING COMPLAINT
3:18-cv-5620

1

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    *Damages*, and if called upon to testify I would competently testify as to the matters stated

2    herein.

3       3.   I verify under penalty of perjury under the laws of the United States of America that the

4    factual statements in this foregoing Complaint concerning myself, my activities, and my

5    intentions are true and correct, and are factual statements concerning my employer, its

6    activities, and its intentions.

7    I declare under penalty of perjury that the foregoing is true and correct.

8    Executed on: July 26, 2018.

9

10                                                       Richard Ostrander

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DECLARATION VERIFYING COMPLAINT
3:18-cv-5620                                         2

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

|  |  |
|---|---|
| MELISSA BELGAU, et al., individuals<br><br>                    *Plaintiffs*,<br><br>        v.<br><br>INSLEE, et al.,<br><br>                    *Defendants*. | No.  3:18-cv-5620<br><br>**DECLARATION OF MICHAEL STONE**<br>**VERIFYING COMPLAINT FOR**<br>**INJUNCTIVE RELIEF,**<br>**DECLARATORY JUDGEMENT, AND**<br>**DAMAGES – CLASS ACTION** |

**DECLARATION OF MICHAEL STONE**

I, Michael Stone, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned case. I am over the age of eighteen (18) and am competent to testify to the following facts based on my personal knowledge, to which I could and would competently testify if called as a witness in this matter.

2. I have personal knowledge of myself, my activities, and my intentions, including

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

those set out in the foregoing Verified Complaint for Injunctive Relief, Declaratory

Judgment, and Damages, and if called upon to testify I would competently testify as

to the matters stated herein.

I verify under penalty of perjury under the laws of the United States of America that the factual

statements in this foregoing Complaint concerning myself, my activities, and my intentions

are true and correct, and are factual statements concerning my employer, its activities, and

its  intentions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _July 30th_ , 2018.

Michael Stone

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

MELISSA BELGAU, et al., individuals,

              Plaintiffs,

  v.

INSLEE, et al.,

              Defendants.

Case No.  3:18-cv-5620

**DECLARATION OF MIRIAM TORRES**
**VERIFYING COMPLAINT FOR**
**INJUNCTIVE RELIEF,**
**DECLARATORY JUDGMENT, AND**
**DAMAGES – CLASS ACTION**

**DECLARATION OF MIRIAM TORRES**
**VERIFYING THE FOREGOING COMPLAINT**

      I, Miriam Torres, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned case. I am over the age of eighteen (18) and am competent to testify to the following facts based on my personal knowledge, to which I could and would competently testify if called as a witness in this matter.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint for Injunctive Relief, Declaratory Judgment, and*

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

*Damages*, and if called upon to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this foregoing Complaint concerning myself, my activities, and my intentions are true and correct, and are factual statements concerning my employer, its activities, and its intentions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____July 31_____, 2018.


_____s/ Miriam Torres_____

Miriam Torres

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on August 2, 2018, I caused this foregoing Complaint to be served
via process server on the following:

3

4    Governor Jay Inslee, Office of the Governor, 416 14th Ave. SW, Olympia, WA, 98504;

5    David Schumacher, Director, Washington State Office of Financial Management, 302 Sid
Snyder Ave. SW, Olympia, WA, 98501;

6    John Weisman, Dir. of the Washington Department of Health; Cheryl Strange, Dir. of the
Washington Department of Social and Health Services; Roger Millar, Dir. of the Washington

7    Department of Transportation; Joel Sacks, Director of the Washington State Department of
Labor and Industries; c/o Attorney General Bob Ferguson, Office of the Attorney General, 7141

8    Cleanwater Dr. SW, PO Box 40145, Olympia, WA 98504-0145; Phone: (360) 664-4173, Fax:
(360) 664-4170;

9

10   Washington Federation of Service Employees, American Federation of State, County, and
Municipal Employees Council 28, AFL-CIO , 1212 Jefferson St. SE #300 Olympia, WA, 98501.

11   Dated: August 2, 2018

12                                           By: s/James Abernathy

13                                           James Abernathy, WSBA #48801

14

15

16

17

18

19

20

21

22

23

24

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874