# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| MELISSA BELGAU, DONNA BYBEE, RICHARD OSTRANDER, KATHRINE NEWMAN, MIRIAN TORRES, GARY HONC, and MICHAEL STONE,<br><br>Plaintiffs,<br><br>v.<br><br>JAY INSLEE, in his official capacity as governor of the State of Washington, DAVID SCHUMACHER, in his official capacity as Director of the Washington Office of Financial Management, JOHN WEISMAN, in his official capacity as Director of the Washington Department of Health, CHERYL STRANGE, in her official capacity as Director of the Washington Department of Social and Health Services, ROGER MILLAR, in his official capacity as Director of the Washington Department of Transportation, JOEL SACKS, in his official capacity as Director of the Washington Department of Labor and Industries, and WASHINGTON FEDERATION OF STATE EMPLOYEES (AFSCME, COUNSEL 28) a labor corporation,<br><br>Defendants. | CASE NO. 18-5620 RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE |

ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE - 1

1      THIS MATTER comes before the Court on the Plaintiffs' Motion for Temporary Restraining Order ("TRO"). Dkt. 2. The Court has considered the pleadings filed regarding the motion and the remaining file.

     Plaintiffs, who are Washington State employees, filed this putative class action on August 2, 2018, asserting that the Defendants are violating their first amendment rights by continuing to deduct union dues/fees from their wages even "after the U.S. Supreme Court issued *Janus v. AFSCME, Council 31*, on June 27, 2018, despite the fact that Plaintiffs have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy." Dkt. 1 (citing *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (2018)).

     Late on August 2, 2018, Plaintiffs filed a motion seeking a TRO "enjoining Defendants from deducting union dues/fees from the wages of any Washington State employee in a bargaining unit listed in Appendix A to the 2017-2019 [Collective Bargaining Agreement ("CBA")] for whom Defendants cannot provide clear and compelling evidence that he or she clearly and affirmatively consented, on or after June 27, 2018, to the deduction of union dues by waiving his or her right to not fund union advocacy, and from preventing Plaintiffs and state employees from resigning union membership." Dkt. 2, at 2. Plaintiffs served the motion on the Defendants Friday. Dkt. 3, at 1-2. Plaintiffs move for the TRO to take effect before August 10, 2018 (the Plaintiffs' next pay day). Dkt. 2. In accord with Local Rule W.D. Wash. 65, the State Defendants and union filed a joint response on Sunday, August 5, 2018. Dkt. 10. They oppose the motion. *Id*.

     Plaintiffs have failed to demonstrate irreparable harm. Accordingly, the motion for TRO (Dkt. 2) should be denied without prejudice.

1         **Standard on Motion for TRO and Preliminary Injunction**. Pursuant to Fed. R. Civ.

2 P. 65 (b)(1):

3       The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

4

5           (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

6

7           (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

8 Under Rule 65 (a), "the court may issue a preliminary injunction only on notice to the adverse

9 party." Motions for preliminary injunction are noted for consideration on third Friday after the

10 motion has been filed and served. Local Rule W.D. Wash. 7 (d)(3).

11       The standard to grant either a TRO or a motion for preliminary injunction is the same.

12 *Los Angeles Unified Sch. Dist. V. United States Dist. Court,* 650 F.2d 1004, 1008 (9th Cir. 1980).

13 Plaintiffs seeking a preliminary injunction must establish one of two tests. *All. for the Wild*

14 *Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). The first test requires Plaintiffs to show:

15 (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable

16 harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and

17 (4) "an injunction is in the public interest." *Coffman v. Queen of Valley Med. Ctr.*, 895 F.3d 717,

18 725 (9th Cir. 2018)(*citing Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7 (2008) (*internal*

19 *quotation marks omitted*)). Under the second variant of the 9th Circuit's test for a preliminary

20 injunction, the "sliding scale" version of the *Winter* standard, "if a plaintiff can only show that

21 there are serious questions going to the merits—a lesser showing than likelihood of success on

22 the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply

23

24

in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, at 1217 (*internal quotation marks and citations omitted*).

**Decision on Motion.** Plaintiffs' motion for a TRO (Dkt. 2) should be denied. Plaintiffs assert that they are paid on the 10th and 25th of every month. Dkt. 2, at 18. They maintain that absent injunctive relief the State will continue to deduct union dues/fees from their wages and that those deductions violate their first amendment rights resulting in irreparable harm. Dkt. 2, at 18.

The Defendants state in their response that the union has agreed to place the Plaintiffs' dues/fees in escrow in an interest-bearing account until this lawsuit is decided. Dkt. 10-1. The Plaintiffs' money will not be used by the union in any manner until the case is decided. *Id.* Accordingly, the Plaintiffs have failed to demonstrate that they are "likely to suffer irreparable harm in the absence of preliminary relief." Moreover, under Fed. R. Civ. P. 65 (c), "the court may issue a preliminary injunction only if the movant gives security in an amount that the court considers proper." Plaintiffs state that they cannot afford to post a security. Dkt. 2. The Defendants' offer to hold the money at issue in escrow provides a good resolution for Rule 65 (c)'s requirements.

Moreover, although Plaintiffs seek an order for all state employees' dues payments, there is no showing that they are entitled to such broad relief at this stage. This case has been filed as a putative class action. Such extensive relief is premature at this point in the litigation.

**Other issues**. The Plaintiffs filed their motion for an "emergency" TRO late in the day on Thursday despite knowing about the *Janus* case in late June, after several pay periods had elapsed. The Plaintiffs didn't serve the Defendants until the next day. This forced the

Defendants to file a response on a Sunday. The undersigned takes a dim view of this type of litigation tactic.

**ORDER**

It is **ORDERED** that:

- Plaintiffs' Motion for Temporary Restraining Order (Dkt. 2) **IS DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of August, 2018.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge