# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

MELISSA BELGAU, DONNA BYBEE, MICHAEL STONE, RICHARD OSTRANDER, MIRIAM TORRES, KATHERINE NEWMAN, GARY HONC, individuals,

Plaintiffs,

v.

JAY INSLEE, in His Official Capacity as Governor of the State of Washington; DAVID SCHUMACHER, in His Official Capacity as Director of the Washington Office of Financial Management; JOHN WEISMAN, in His Official Capacity as Director of the Washington Department of Health; CHERYL STRANGE, in Her Official Capacity as Director of the Washington Department of Social and Health Services; ROGER MILLAR, in His Official Capacity as Director of the Washington Department of Transportation; JOEL SACKS, in His Official Capacity as Dir. of Washington Department of Labor and Industries; WASHINGTON FEDERATION OF STATE EMPLOYEES (AFSCME, COUNCIL 28), a labor corporation,

Defendants.

Case No. 3:18-cv-5620

**AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES – CLASS ACTION**

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

## INTRODUCTION

1.     This class action case concerns whether union dues/fees deductions from State employees' wages since *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 ( 2018) are legal if the State employees have not clearly and affirmatively consented to the deductions by waiving their constitutional right to not fund union political advocacy ("union advocacy").

2.     Plaintiffs Melissa Belgau, Michael Stone, Richard Ostrander, Miriam Torres, Katherine Newman, Donna Bybee, Gary Honc, and class members are Washington State employees from whose wages the State continues to deduct union dues/fees after the U.S. Supreme Court issued *Janus v. AFSCME, Council 31*, on June 27, 2018, despite the fact that Plaintiffs have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy. The State remits those deductions to the Washington Federation of State Employees ("WFSE").

3.     The State of Washington and WFSE ("Defendants") claim the continued deductions are proper. They do so based on Plaintiffs' and class members' signatures on dues deduction agreements which allegedly authorize and bind Plaintiffs to continued deductions for a set period of time despite the fact that Plaintiffs' and class members' signed those agreements at a time when the relevant collective bargaining agreement included a compulsory agency fee provision, and the right to not fund union advocacy was not recognized by the U.S. Supreme Court in *Janus v. AFSCME, Council 31*, on June 27, 2019.

4.     RCW 41.80.100 and Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6[1] authorize and compel the State to deduct union dues/fees ("dues") from Plaintiffs' and class members' wages and forward them to WFSE despite the fact that Plaintiffs have not clearly and

---

[1] Available at https://ofm.wa.gov/sites/default/files/public/legacy/labor/agreements/17-19/wfse_gg.pdf (last visited August 23, 2018).

AMENDED COMPLAINT
No. 3:18-cv-05620

1

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    affirmatively consented to the deductions by waiving the constitutional right to not fund union

2    advocacy. The statute and CBA provisions and Defendants' actions taken pursuant to them,

3    therefore, impermissibly infringe on Plaintiffs' and class members' First Amendment rights of

4    free speech and free association.

5        5.      This is a civil rights class action pursuant to 42 U.S.C. § 1983, seeking declaratory

6    judgment, injunctive relief, as well as nominal, compensatory, and punitive damages and

7    restitution of union dues illegally seized from Plaintiffs and the class members they seek to

8    represent. Defendants are state actors acting under the color of state law—specifically RCW

9    41.80.100 and the Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6.

10                              **II. JURISDICTION AND VENUE**

11       6.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, because it

12   arises under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C § 1983.

13   This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other

14   relief, including preliminary and permanent injunctive relief, pursuant to Rule 65 of the Federal

15   Rules of Civil Pocedure.

16       7.      Under 28 U.S.C. § 1367 this Court has supplemental jurisdiction over claims stated

17   in this Complaint that do not arise under federal law but are so related to the federal claims as to

18   form part of the same case or controversy.

19       8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and intra-district

20   assignment to the Tacoma Division is proper because the claims arise in this judicial district and

21   division and Defendants do business and operate in this judicial district and division.

22

23

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

# III. PARTIES

9. Plaintiff **Melissa Belgau** works for the State of Washington in the Department of Health as a Washington Emergency Medical Services Information System Administrator. **Michael Stone** works for the State of Washington in the Department of Social and Health Services as a Support Enforcement Officer. **Richard Ostrander** works for the State of Washington in the Department of Transportation as a Maintenance Technician. **Miriam Torres** is a Workfirst Program Specialist at the Washington State Department of Social and Health Services. **Katherine Newman** works for the State of Washington at the Health Care Authority as an Information Technology Specialist. **Donna Bybee** works for the State of Washington in the Department of Health as a Trauma Registry Administrator. **Gary Honc** works for the Washington Department of Labor and Industries as an Insurance Underwriter. Plaintiffs Belgau, Stone, Ostrander, Torres, Newman, Bybee, and Honc signed dues deduction agreements before June 27, 2018. Named Plaintiffs and class members are Washington State employees whose exclusive representative is WFSE. The state of Washington has deducted union dues from Plaintiffs and class members since *Janus v. AFSCME, Council 31* issued on June 27, 2018 despite the fact that Plaintiffs and class members have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy.

10. Defendant Jay Inslee is Governor of Washington and is sued in his official capacity. As Governor, Defendant Inslee is Washington's chief executive officer and represents the State in collective bargaining with WFSE. See RCW 41.80.101(1).

11. Defendant David Schumacher is Director of the Washington State Office of Financial Management ("OFM"), the agency designated by the governor to collectively bargain with WFSE, and is sued in his official capacity. Defendant David Schumacher by and through

AMENDED COMPLAINT
No. 3:18-CV-05620

3

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1  OFM is charged with the responsibility of overseeing OFM, which is responsible for

2  administering Plaintiffs'and class members' wages, as well as deducting from those wages union

3  dues/fees and remitting them to WFSE pursuant to RCW 41.80.100 and Amended 2017-2019

4  CBA Art. 40.2, 40.3, and 40.6.

5      12.    Defendant John Weisman is the Director of the Washington State Department of

6  Health and is sued in his official capacity.

7      13.    Defendant Cheryl Strange is the Director of the Washington State Department of

8  Social and Health Services and is sued in her official capacity.

9      14.    Roger Millar is Director of the Washington State Department of Transportation and

10  is sued in his official capacity. Joel Sacks is Director of the Washington State Department of

11  Labor and Industries and is sued in his official capacity.

12      15.    Defendant Washington Federation of State Employees, American Federation of

13  State, County, Municipal, Employees, Council 28 ("WFSE") is a labor union that represents over

14  35,000 public employees in Washington, and is headquartered at 1212 Jefferson Street, Suite 300,

15  Olympia, WA 98501. WFSE is the State-recognized exclusive representative of Plaintiffs and

16  class members. WFSE represents Plaintiffs and other Washington State employees throughout 36

17  State agencies, and the CBA applicable to Plaintiffs also applies to those Washington State

18  employees and agencies.

19                          **IV. STATEMENT OF FACTS**

20      16.    Plaintiffs and class members are Washington State employees exclusively

21  represented by WFSE and are subject to a single collective bargaining agreement applicable to

22  Washington State employees in bargaining units represented by WFSE. WFSE represents

23  Washington State employees in bargaining units in 36 different Washington State agencies.

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

17.     At all times during their employment prior to July 6, 2018, Defendants subjected Plaintiffs and class members to CBA provisions which required the deduction of union dues or dues equivalent fees from their wages as a condition of employment. *See* Pre-amended 2017-19 CBA art. 40.

18.     Employees who objected to union membership and the payment of any union dues/fees were still required to pay a "representation fee equal to the pro rata share of the full membership fee that is related to collective bargaining…", i.e., an agency fee the amount of which WFSE determined. Pre-amended 2017-19 CBA art. 40.3(C).

19.     RCW 41.80.100 required Plaintiffs and class members to pay at least an agency fee to WFSE as a condition of employment. Before June 27, 2018, absent at least this minimum payment, Plaintiffs' and class members' employment would be terminated. Pre-amended CBA art. 40.3(D), 40.5. According to WFSE's 2017 accounting, the agency fee assessed to objecting nonunion employees was 77.8% of full union dues.

20.     On June 27, 2018, the U.S. Supreme Court in *Janus v. AFSCME, Council 31*, held that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." 138 S. Ct. at 2486. The Supreme Court also held that agreeing to make any payments to a union constitutes a waiver of a constitutional right and that "such a waiver cannot be presumed" and "must be freely given and shown by clear and convincing evidence." *Id*.

21.     On July 6, 2018, the State and WFSE executed an Amended CBA with a Memorandum of Understanding ("MOU") which removed the CBA's compulsory agency fee provision but still required the continued deduction of full union dues from the wages of Plaintiffs

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1  and class members.

2  22.  Since June 27, 2018, Plaintiffs have communicated in writing to the State and

3  WFSE that they object to union membership and the payment of any union dues/fees.

4  23.  Despite the Supreme Court's ruling in *Janus v. AFSCME, Council 31* and Plaintiffs'

5  objections, the State continues to deduct union dues/fees from Plaintiffs' wages and remit them

6  to WFSE pursuant to RCW 41.80.100 and the MOU.

7  24.  WFSE has informed Plaintiffs that it has instructed the State to continue deducting

8  union dues/fees from Plaintiffs' wages.

9  25.  Plaintiffs' State employers have indicated to Plaintiffs that it will continue to deduct

10  union dues/fees from Plaintiffs' wages pursuant to WFSE's wishes and, in fact, have continued

11  to do so.

12  26.  Moreover, it is the official opinion of the Washington Attorney General that

13  Plaintiffs' dues deduction agreements are not impacted by *Janus v. AFSCME, Council 31*, because

14  he alleges Plaintiffs dues deduction agreements, signed before *Janus*, are "agreements between a

15  union and its members to pay union dues." The Washington Attorney General states,

16  The *Janus* decision does not impact any agreements between a union and its
    members to pay union dues, and existing membership cards or other agreements by
17  union members to pay dues should continue to be honored. The opinion only
    impacts the payment of an agency service fee by individuals who decline union
18  membership.[2]

19  27.  Plaintiffs' Washington State employers take the same position as the Washington

20  Attorney General, as do all of Washington's State employers (Washington State agencies).

21  28.  Defendants contend the continued dues/fee deductions are lawful because of dues

22  deduction agreements signed by Plaintiffs before June 27, 2018 which purport to authorize union

23  _____

24  [2]  Available at  https://www.atg.wa.gov/news/news-releases/attorney-general-ferguson-issues-advisory-affirming-labor-rights-and-obligations (last visited August 1, 2018).

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

dues deductions from Plaintiffs' wages. The agreement stated, "Effective immediately, I hereby voluntarily authorize and direct my Employer to deduct from my pay each pay period, the amount of dues as set in accordance with the WFSE Constitution and By-Laws and authorize my Employer to remit such amounts semi-monthly to the Union (currently 1.5% of my salary per pay period not to exceed the maximum)."

29.     The dues deduction cards purport to authorize the State to deduct union dues from Plaintiffs' wages and remit them to WFSE. The cards state that authorization for the deductions will automatically renew annually unless the employee revokes the authorization between 10 and 20 days prior to the anniversary of the day Plaintiffs' signed the authorization. WFSE claims each plaintiff signed an identical card.

30.     WFSE will require Plaintiffs to continue paying union dues/fees until Plaintiffs object again within the aforementioned limited ten day period. In the meantime, WFSE is preventing Plaintiffs from cancelling union membership and the deduction of union dues/fees from Plaintiffs' wages.

31.     Amended CBA art. 40.2 requires State Defendants to "honor the terms and conditions of each employee's sign membership card." Amended CBA art. 40.2.

32.     Amended CBA art. 40.6 only allows employees to revoke the card's purported authorization for a payroll deduction "in accordance with the terms and conditions of their signed membership card."

33.     Plaintiffs signed the dues deduction cards at a time when the CBA included a compulsory agency fee provision, and the right to not fund union advocacy was not recognized by the U.S. Supreme Court in *Janus v. AFSCME, Council 31* on June 27, 2019.

34.     At the time Plaintiffs signed the cards, they had not previously clearly and

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

affirmatively consented to the payment of union dues/fees by waiving their constitutional right to not fund union advocacy.

35.     The dues deduction cards contain no language indicating that a First Amendment right was being, or potentially being, waived.

36.     The dues deduction cards contain no language indicating that they operated as a waiver, or potential waiver, of a First Amendment right.

37.     Plaintiffs and class members are paid on the 10th and the 25th day of each month. Absent injunctive relief, the State will continue deducting union dues/fees from Plaintiffs' and class members' wages on this schedule.

38.     WFSE drafted the dues deduction agreements, WFSE proposed the agreements as take-it-or-leave-it form contracts, Plaintiffs could not bargain over the terms of the dues deduction authorizations, and Plaintiffs did not seek counsel and were not advised to seek counsel. Plaintiffs were not made aware, either by the language of the agreements or by WFSE or State representatives, of their constitutional right to not fund union advocacy or the significance of the agreement as a waiver of this right.

39.     Plaintiffs cannot post a substantial bond to cover the amount of union dues that would be deducted from employees' wages through the duration of preliminary injunctive relief.

40.     RCW 41.80.100 and Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6 authorize and compel the State to deduct union dues/fees from Plaintiffs' and class members' wages and forward them to WFSE despite the fact that Plaintiffs have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy. The statute and CBA provisions and Defendants' actions taken pursuant to them, therefore, impermissibly infringe Plaintiffs' and class members' First Amendment rights of free speech and free

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

association, as secured against state infringement by the Fourteenth Amendment to the U.S. Constitution.

## V. CLASS ALLEGATIONS

41.     Plaintiffs bring this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3), for themselves and for all others similarly situated, and any subclasses deemed appropriate by this Court. The class consists of all individuals: 1) who are Washington State employees exclusively represented by WFSE as described in paragraph 9 above; 2) who have objected to union membership and the payment of any union dues or fees; 3) from whom the State continues to deduct union dues/fees on behalf of WFSE based on agreements signed at the time class members were subjected to an agency fee provision, and before the U.S. Supreme Court issued *Janus v. AFSCME, Council 31* on June 27, 2018; and 4) who have not clearly and affirmatively consented to dues/fees deductions by waiving the constitutional right to not fund union political advocacy.  The class includes everyone who comes within the class definition at any time from three years prior to the commencement of this action until the conclusion of this action.

42.     Upon information and belief, there are hundreds, and likely thousands, of class members. Their number is so numerous and in varying locations and jurisdictions across Washington that joinder is impractical.

43.     There are questions of law and fact common to all class members, including Plaintiffs. Factually, the State of Washington has continued to deduct union dues/fees from all class members who have objected to union membership and the payment of any union dues or fees, and each Plaintiff and class member signed a dues deduction agreement at a time when the relevant collective bargaining agreement included a compulsory agency fee provision, and the

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1  right to not fund union advocacy was yet to be recognized by the U.S. Supreme Court in *Janus v.*

2  *AFSCME, Council 31* on June 27, 2019. The State of Washington continues to deduct union

3  dues/fees from Plaintiffs' and class members' wages. The question of law is the same for all class

4  members: Do these deductions violate Plaintiffs' and class members' First Amendment rights?

5      44.     Plaintiffs' claims and defenses are typical of other members of the class because

6  the State is seizing union dues/fees from class members who have objected to union membership

7  and the payment of union dues/fees, even though they have not clearly and affirmatively

8  consented to the deductions by waiving the constitutional right to not fund union advocacy

9  because they signed dues deduction agreements at a time when the relevant collective bargaining

10  agreement included a compulsory agency fee provision, and the right to not fund union advocacy

11  was yet to be recognized by the U.S. Supreme Court in *Janus v. AFSCME, Council 31* on June

12  27, 2018. The State and SEIU have an identical duty to Plaintiffs and all other class members

13  regarding these claims.

14      45.     Plaintiffs can fairly and adequately represent the interests of the class and have no

15  conflict with other, similarly situated class members. Plaintiffs also have no interest antagonistic

16  to others who have been subjected by the State and WFSE to the aforementioned union dues/fee

17  deductions.

18      46.     Defendants' duty to cease the aforementioned union dues/fee deductions and pay

19  back all monies deducted since the objection to union membership and the payment of any union

20  due/fees, applies equally to all in the respective class, and the prosecution of separate actions by

21  individual class members would create a risk of inconsistent or varying adjudications which

22  would establish incompatible standards of conduct for Defendants.

23      47.     Defendants have acted to deprive Plaintiffs and each member of the class of their

24

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

constitutional rights on grounds generally applicable to all, thereby making appropriate declaratory, injunctive, and other equitable relief with regard to the class as a whole.

48.     The Plaintiffs and class are represented by the undersigned counsel pro bono. Counsel is employed by a long-established charitable organization experienced in furnishing representation to unionized public and partial-public employees whose constitutional rights have been violated.

49.     A class action can be maintained under Rule 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law and fact are common to all members of the class, i.e., whether the aforementioned dues deductions violate their First Amendment rights and whether certain dues deduction agreements constitute a valid waiver of a constitutional right if they are signed when the relevant collective bargaining agreement included a compulsory agency fee provision and before the right to not fund union advocacy was recognized by the U.S. Supreme Court in *Janus v. AFSCME, Council 31* on June 27, 2019. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in as much as the individual class members are deprived of the same rights by Defendants' actions, differing only in the amount of money deducted which is, for legal purposes, immaterial. This fact is known to the Defendants and easily calculated from Defendants' business records. The limited amount of money involved in the case of each individual's claim (union dues/fee deductions since each class member objected to union membership and the payment of any union dues/fees or, alternatively, union due/fee deductions since each class member began employment) would make it burdensome for the class members to maintain separate actions.

50.     A class action can be maintained under Rule 23(b)(1)(A) because separate actions

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

by class members could risk inconsistent adjudications on the underlying legal issues.

51.     A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of union dues/fees deductions in the aforementioned circumstances, as a practical matter, will be dispositive of the interests of all class members.

52.     The illegal actions taken by Defendants were taken pursuant to the same statutes and collective bargaining agreements, and constitute a concerted scheme resulting in the violation of Plaintiffs' and class members' rights. Additionally, the affiliation among the Defendants presents an organizational structure which makes it expedient for the named Plaintiffs and members of the of the class to proceed against all named Defendants.

## VI. CLAIMS FOR RELIEF

### CLAIM 1
### First Amendment, through 42 U.S.C. § 1983
***Deducting union dues/fees from Plaintiffs' wages pursuant to RCW 41.80.100 violates the First Amendment to the United States Constitution.***

53.     Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

54.     RCW 41.80.100, on its face and as applied, violates the Plaintiffs' First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to not associate with a mandatory representative, and to not support, financially or otherwise, petitioning and speech, and against compelled speech, because it authorizes and compels the State to deduct union dues/fees from Plaintiffs' and class members' wages even though they have not clearly and affirmatively consented to the deductions by waiving their constitutional right to not fund union advocacy; and because it forces Plaintiffs and class members to maintain union membership over their objection.

55.     Consent to fund union advocacy cannot be presumed and neither Plaintiffs nor class members waived their constitutional right to not fund union advocacy.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    56.    No compelling state interest justifies this infringement on Plaintiffs' First
2    Amendment rights.

3    57.    RCW 41.80.100 is significantly broader than necessary to serve any possible
4    alleged government interest.

5    58.    RCW 41.80.100 is not carefully or narrowly tailored to minimize the infringement
6    of free speech rights.

7                                    CLAIM 2
                         **First Amendment, through 42 U.S.C. § 1983**
8    *Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6  and other cited provisions of the*
     *CBA and the deductions of untion dues/fees from Plaintiffs' and class members' wages*
9    *pursuant thereto violate the First Amendment to the United States Constitution.*

10    59.    Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

11    60.    Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6 and other cited provisions of
12    the CBA and any action thereto, on their face and as applied, violate Plaintiffs' First Amendment
13    rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983,
14    to not associate with a mandatory representative, and to not support, financially or otherwise,
15    petitioning and speech, and against compelled speech, because they compel the State to deduct
16    union dues/fees from Plaintiffs' and class members' wages and remit them to WFSE even though
17    they have not clearly and affirmatively consented to the deductions by waiving their constitutional
18    right to not fund union advocacy; and because they force Plaintiffs and class members to maintain
19    union membership over their objection.

20    61.    Consent to fund union advocacy cannot be presumed and neither Plaintiffs nor class
21    members waived their constitutional right to not fund union advocacy.

22    62.    No compelling state interest justifies this infringement on Plaintiffs' First
23    Amendment rights.

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

63. Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6 are significantly broader than necessary to serve any possible alleged government interest.

64. Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6 are not carefully or narrowly tailored to minimize the infringement of free speech rights.

### CLAIM 3
### First Amendment, through 42 U.S.C. § 1983
*Deducting union dues/ fees from Plaintiffs' and class members' wages violates Plaintiffs' freedom of association.*

65. Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

66. RCW 41.80.100, Amended 2017-2019 CBA Art. 40.2, 40.3, and/or 40.6, other cited provisions of the CBA, and Defendants' actions pursuant thereto violate Plaintiffs' and class members' First Amendment right to the freedom of association, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

67. Consent to fund union advocacy cannot be presumed and neither Plaintiffs nor class members waived their constitutional right to not fund union advocacy.

68. No compelling state interest justifies this infringement on Plaintiffs' and class members' First Amendment right to freedom of association.

69. RCW 41.80.100, Amended 2017-2019 CBA Art. 40.2, 40.3, and/or 40.6 are significantly broader than necessary to serve any possible alleged government interest.

70. RCW 41.80.100, Amended 2017-2019 CBA Art. 40.2, 40.3, and/or 40.6 are not carefully or narrowly tailored to minimize the infringement of free speech rights

### CLAIM 4
### First Amendment, through 42 U.S.C. § 1983
*Defendants have illegally conspired to knowingly deprive Plaintiffs and class members of their constitutional rights.*

71. Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

72.     Defendants conspired to deprive Plaintiffs and class members of their First Amendment rights by unlawfully deducting union dues/fees from Plaintiffs' and class members' wages. There was an agreement to do so and a meeting of the minds to pursue this objective and Defendants took several overt acts, described above, to accomplish this objective.

73.     By deducting union/dues fees from Plaintiffs' and class members' wages in the manner described herein, Defendants acted with malice and showed a reckless and outrageous indifference to a highly unreasonable risk of harm and acted with a conscious indifference to the rights and welfare of others, including Plaintiffs.

**CLAIM 5**
**Unjust Enrichment**
***Defendants' scheme unjustly enriched Defendant WFSE.***

74.     Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

75.     WFSE received a benefit in the form of 1.5% of Plaintiffs' and class members' wages pursuant to the dues exaction scheme imposed by Defendants on Plaintiffs.

76.     WFSE benefited at Plaintiffs' and class members' expense because State Defendants deducted 1.5% of their wages and remitted the money to WFSE, and WFSE knew it benefited from receiving Plaintiffs' and class members' money.

77.     The circumstances of Defendants' scheme make it unjust for WFSE to retain the benefit.

**CLAIM 6**
**First Amendment, through 42 U.S.C. § 1983**
***Deducting union dues/fees from Plaintiffs' pursuant to RCW 41.80.100 and the Pre-amended CBA art. 40 violated the First Amendment to the United States Constitution.***

78.     Plaintiffs incorporate by reference and re-allege herein Paragraphs above.

79.     RCW 41.80.100 and Pre-amended 2017-2019 CBA Art. 40, as well as the 2015-2017 CBA Art. 40 and other cited provisions of the CBAs and any action thereto, on their face

AMENDED COMPLAINT
No. 3:18-CV-05620

15

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

and as applied, violate Plaintiffs' First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to not associate with a mandatory representative, and to not support, financially or otherwise, petitioning and speech, and against compelled speech, because they compelled the State to deduct union dues/fees from Plaintiffs' and class members' wages and remit them to WFSE even though they had not clearly and affirmatively consented to the deductions by waiving their constitutional right to not fund union advocacy; and because they forced Plaintiffs and class members to maintain union membership over their objection.

80.    Consent to fund union advocacy cannot be presumed and neither Plaintiffs nor class members waived their constitutional right to not fund union advocacy.

81.    No compelling state interest justifies this infringement on Plaintiffs' First Amendment rights.

82.    RCW 41.80.100 and Pre-amended 2017-2019 CBA Art. 40, as well as the 2015-2017 CBA Art. 40 are significantly broader than necessary to serve any possible alleged government interest.

83.    RCW 41.80.100 and Pre-amended 2017-2019 CBA Art. 40, as well as the 2015-2017 CBA Art. 40 are not carefully or narrowly tailored to minimize the infringement of free speech rights.

## VI. PRAYER FOR RELIEF

84.    Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

85.    Plaintiffs and class members have been injured as a result of Defendants' conduct as described above by deducting union dues/fees even though Plaintiffs and class members have not clearly and affirmatively consented to the deductions by waiving the constitutional right to

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    not fund union advocacy. Accordingly, Plaintiffs pray for the following relief:

2        86.    **Declaratory Judgment**: enter a Declaratory Judgment that RCW 41.80.100,

3    Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6, and other cited provisions of the CBA on

4    their face and as applied violates the First Amendment to the United States Constitution, as

5    secured against state infringement by the Fourteenth Amendment to the United States

6    Constitution and 42 U.S.C. § 1983, because they permit and compel the State to deduct union

7    dues/fees from Plaintiffs' and class members' wages even though they have not clearly and

8    affirmatively consented to the deductions by waiving the constitutional right to not fund union

9    advocacy, and/or because it forces Plaintiffs and class members to maintain union membership

10   over their objection, and are unconstitutional and of no effect;

11       87.    **Declaratory Judgment:** enter a Declaratory Judgment that the Washington AG's

12   policy related to the application of *Janus v. AFSCME, Council 31*, to WFSE-represented State

13   employees, cited herein, is unconstitutional and of no effect;

14       88.    **Declaratory Judgment**: enter a Declaratory Judgment that Defendants conspired

15   to deprive Plaintiffs and class members of their First Amendment rights by deducting union

16   dues/fees from their wages even though they have not clearly and affirmatively consented to the

17   deductions by waiving the constitutional right to not fund union advocacy, and/or because by

18   forcing Plaintiffs and class members to maintain union membership over their objection;

19       89.    **Declaratory Judgment:** enter a Declaratory Judgment that Defendants' deduction

20   of monies from Plaintiffs' and class members' wages even though they have not clearly and

21   affirmatively consented to the deductions by waiving the constitutional right to not fund union

22   advocacy has been illegal and unconstitutional;

23       90.    **Declaratory Judgment:** enter a Declaratory Judgment that RCW 41.80.100, Pre-

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

amended 2017-2019 CBA art. 40, and the 2015-2017 CBA art. 40, and other cited provisions of the CBAs, and actions pursuant thereto, on their face and as applied, violate the First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, because they permit and compel the State to deduct union dues/fees from Plaintiffs' and class members' wages even though they have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy, and/or because they force Plaintiffs and class members to maintain union membership over their objection, and are unconstitutional and of no effect;

91. **Preliminary injunction and/or Temporary Restraining Order:** issue a preliminary injunction and/or temporary restraining order enjoining Defendants from engaging in any activity this Court declares is illegal or likely illegal. Plaintiffs and class members are likely to prevail on the merits, likely to suffer irreparable harm in the absence of preliminary injunctive relief, the balance of equities tips in Plaintiffs' and class members' favor, and an injunction is in the public interest.

92. **Permanent injunction:** issue a permanent injunction enjoining Defendants from engaging in any activity this Court declares illegal, including but not limited to, the deduction of union dues/fees from Plaintiffs' and class members' wages, and the continuation and enforcement of RCW 41.80.100, Amended 2017-2019 CBA Art. 40.2, 40.3, and 40.6, and other cited provisions of the CBA, insofar as doing so is unconstitutional and of no effect.

93. **Compensatory Damages:** enter a judgment against Defendants awarding Plaintiffs and class members compensatory damages under Claims 1-6 in an amount equal to all union dues/fees deducted from Plaintiffs' and class members' wages going back to the extent of the

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

relevant statute of limitations or the date each Plaintiff on class member began employment, whichever is more recent, as well as nominal damages, mental anguish damages, and restitution;

94. **Compensatory Damages:** alternatively, enter a judgment against Defendants awarding Plaintiffs and class members compensatory damages under Claims 1-5 in an amount equal to the union dues/fees deducted from Plaintiffs' and class members' wages since they objected to union membership and the payment of any union dues/fees, as well as nominal damages, mental anguish damages, and restitution;

95. **Punitive Damages:** enter a judgment awarding Plaintiffs and class members punitive damages against Defendants based on Claims 1-6 because their conduct, described above, was and is motivated by evil motive or intent, or involves reckless or callous indifference to the federal and state rights of Plaintiffs and class members.

96. **Costs and attorneys' fees:** award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988; and

97. **Other relief:** grant Plaintiffs such other and additional relief as the Court may deem just and proper.

Dated: August 23, 2018


By: s/ James G. Abernathy_____

James G. Abernathy, WSBA #48801
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
p. 360.956.3482
f. 360.352.1874
jabernathy@freedomfoundation.com
*Attorney for Plaintiffs*



FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

By: s/ Hannah Sells

   Hannah Sells, WSBA #52692
   c/o Freedom Foundation
   P.O. Box 552
   Olympia, WA 98507
   p. 360.956.3482
   f. 360.352.1874
   hsells@freedomfoundation.com
   *Attorney for Plaintiffs*

By: s/ Caleb Jon Vandenbos

   Caleb Jon Vandenbos, WSBA #50231
   c/o Freedom Foundation
   P.O. Box 552
   Olympia, WA 98507
   p. 360.956.3482
   f. 360.352.1874
   cvandenbos@freedomfoundation.com
   *Attorney for Plaintiffs*

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel/parties of record. I hereby certify that no other parties are to receive notice.

Dated: August 23, 2018

By: s/James Abernathy
James Abernathy, WSBA #48801

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874