The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| BELGAU, *et al.*,<br><br>                              Plaintiffs,<br><br>   v.<br><br>INSLEE, *et al.*,<br><br>                              Defendants. | Case No. 3:18-cv-05620-RJB<br><br>**JOINT STATUS REPORT and**<br>**DISCOVERY PLAN** |

Plaintiffs and Defendants jointly submit this Joint Status Report and Discovery Plan,

pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early

Settlement, dated August 14, 2018 (Dkt. 20), Fed. R. Civ. P. 26, and Local Civil Rule 26.

**1.  Nature and Complexity of the Case.**

**A.  Plaintiffs' Brief Statement of the Case:**

This class action case seeks to enforce the United States Supreme Court's

decision in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018), which acknowledged

the "abuse" public employees have suffered under *Abood v. Detroit Board of Education*,

431 U.S. 209 (1977) at the hands of union executives and public employers who for

decades illegally confiscated billions of dollars from the wages of public employees in violation of the First Amendment. To end the abuses, the U.S. Supreme Court acknowledged that the First Amendment guarantees to every public employee the right to refrain from financially supporting a union and secures this right by requiring that an "agency fee" or "any other payment" to a union be preceded by consent which constitutes clear and compelling evidence that employees waived that First Amendment right. 138 S. Ct. at 2486.

Plaintiffs are Washington State Public employees who were union nonmembers upon hire and, as such, possessed the right guaranteed by the First Amendment to refrain from financially supporting a union. At the time union nonmembers such as Plaintiffs allegedly consent to union payments, those "nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed." *Id*. at 2486. The Supreme Court in *Janus* stated that "clear and compelling evidence" must be shown by parties seeking to overcome the presumption against constitutional waivers. *Id*. Thus the relevant legal issues in this case are twofold. First, what constitutes clear and compelling evidence of consent which amounts to a constitutional waiver? Second, have Defendants offered clear and compelling evidence that Plaintiffs' consent to union dues deductions amounted to a waiver of their constitutional rights? *Janus* and the well-established case law cited in *Janus* by the Supreme Court show that "clear and compelling evidence" of the necessary consent requires that a constitutional waiver to be freely given and knowing. Defendants denied Plaintiffs such a waiver.

Any argument that the First Amendment protections articulated in *Janus* do not apply to newly-hired nonunion public employees, such as Plaintiffs, who allegedly

1  consent to union payments by signing union cards purporting to authorize such payments

2  even over employee objections presumes such employees waived their constitutional

3  right to refrain from making such payments. This violates *Janus*.

4       The relevant facts in this case are undisputed. Defendants cannot, as a matter of

5  law, offer clear and compelling evidence that Plaintiffs' consent amounts to a freely

6  given and knowing constitutional waiver. Plaintiffs will seek summary judgment to

7  resolve this case in their favor.

8  **B.  Defendants' Brief Statement of the Case:**

9       Plaintiffs are seven state employees in bargaining units that are represented for

10  purposes of collective bargaining by Defendant Washington Federation of State

11  Employees, AFSCME Council 28 ("WFSE" or the "Union").  They each affirmatively

12  exercised their First Amendment right to join their Union by voluntarily signing WFSE

13  membership cards.  The membership cards each Plaintiff signed contained an agreement

14  in which the Plaintiffs contractually committed to paying the amount of union dues for

15  one year, regardless of whether they later decided to resign from union membership prior

16  to the expiration of that one-year period.  In exchange, they each became members of the

17  Union, with the right to participate in internal union affairs and access to members-only

18  benefits made available by the Union.

19       On June 27, 2018, the Supreme Court decided *Janus v. AFSCME, Council 31*, 138

20  S. Ct. 2448 (2018), a case involving required fair-share fees paid by public employees

21  who, unlike Plaintiffs, were *not* union members, did not voluntarily choose to join the

22  union that represented them, and did not expressly and affirmatively authorize the

23  payments.  After *Janus*, each Plaintiff here resigned from membership in the Union.

24

1    They then filed this lawsuit seeking to renege on their written contractual commitments

2    to pay WFSE the remaining funds that they previously had agreed to pay.

3           This Court has already denied Plaintiffs' Motion for a Temporary Restraining

4    Order (Dkt. 11) and subsequent Motion for a Preliminary Injunction (Dkt. 37).  In the

5    Court's recent order denying Plaintiffs' Motion for a Preliminary Injunction, the Court

6    concluded, among other things, that Plaintiffs "failed to demonstrate a likelihood of

7    success on the merits or that there are serious questions going to the merits."  (Dkt. 37 at

8    2, 8.)  The Court reasoned that:

> Here, unlike in *Janus*, the Plaintiffs entered into a contract with the Union
> to be Union members and agreed in that contract to pay Union dues for
> one year. "[T]he First Amendment does not confer . . . a constitutional
> right to disregard promises that would otherwise be enforced under state
> law." *Cohen v. Cowles Media Co*., 501 U.S. 663, 672 (1991). A person
> has the right to contract away their First Amendment protections. *See Fisk
> v. Inslee,* 2017 WL 4619223 (W.D. Wash. Oct. 16, 2017). Plaintiffs'
> assertions that they didn't knowingly give up their First Amendment rights
> before *Janus* rings hollow. *Janus* says nothing about people [who] join a
> Union, agree to pay dues, and then later change their mind about paying
> union dues. … *Janus* does not apply to Plaintiffs' situation, as explained
> above. Plaintiffs' arguments to the contrary are unpersuasive.

*Id.* at 8-9.  The relevant material facts are undisputed.  Plaintiffs' attempts to avoid their

contractual commitments are meritless as a matter of law.  Defendants intend to seek

summary judgment to resolve this case.

2.   **A Proposed Deadline for Joining of Additional Parties.** The parties agree that the

deadline for joining additional parties should be January 11, 2019.  The parties further

agree that if the Court denies class certification, Plaintiffs may add additional individual

plaintiffs within twenty-one (21) days following the Court's order denying class

certification.

**3. Consent to Assignment of Case to Magistrate Judge.**

No.

**4. Discovery Plan.**

The parties believe they may be able to avoid the need for discovery by agreeing to stipulated facts to serve as the basis for cross-motions for summary judgment or partial summary judgment. The parties are currently negotiating regarding those stipulated facts. If the parties reach agreement on stipulated facts by November 30, 2018, they intend to inform the Court and propose a briefing schedule for cross-motions for summary judgment or partial summary judgment. The Discovery Plan below reflects the parties' agreements regarding discovery if they do not reach agreement on stipulated facts by November 30, 2018.

**A. Rule 26(a) Initial Disclosures:** The parties agree that, if discovery is necessary, the deadline for Rule 26(a) Initial Disclosures should be December 14, 2018. The Court has already extended this deadline to December 14, 2018 to provide time for the parties to negotiate a set of stipulated facts for cross-motions for summary judgment or partial summary judgment. (Dkt. 39.) If the parties do not reach agreement on stipulated facts, the parties agree that December 14, 2018 should remain the deadline for Rule 26(a) Initial Disclosures. If the parties do reach agreement on stipulated facts, they will inform the Court and request that the Initial Disclosures deadline be vacated.

**B. Discovery Subjects, Timing, and Potential Phasing:** The principal topics for discovery, if necessary, include evidence related to Plaintiffs' allegations, claims, request for class certification, and the nature and amount of damages to which

plaintiffs allege they and putative class members, if a class is certified, will be entitled

if they are able to establish liability.

If the parties reach agreement on stipulated facts for cross-motions for summary

judgment or partial summary judgment, discovery will not be necessary until after

those cross-motions are resolved.  If Defendants' anticipated motion for summary

judgment is granted, the case will be resolved.[1]  If Plaintiffs' anticipated motion for

partial summary judgment is granted, discovery necessary for the resolution of the

remaining issues in the action including, but not limited to, class certification, and the

remaining, if any, merits issues such as damages, will be necessary.[2] The parties will

meet and confer if such discovery becomes necessary after the Court resolves the

cross-motions for summary judgment or partial summary judgment, and will propose

relevant deadlines at that time.

If the parties do not reach agreement on stipulated facts by November 30, 2018,

they will proceed with discovery on all issues, without phasing, and agree that the

deadline for the close of discovery should be set as April 30, 2019.  The parties

reserve the right to request an extension of that deadline should the circumstances

warrant it.

**C. Electronically Stored Information:** If discovery becomes necessary either because

the parties do not reach agreement on stipulated facts or after the Court resolves the

cross-motions for summary judgment or partial summary judgment, the parties will

---

[1] The parties reserve all rights of appeal.  Plaintiffs specifically reserve the right to an appeal of any such decision and the right to seek class certification if an appeal is successful.

[2] Plaintiffs reserve the right to file an early class certification motion prior to the close of such discovery if and after their motion for summary judgment or motion for partial summary judgment is granted.

meet and confer with the intention to agree to an ESI protocol based on the Court's

Model Protocol for Discovery of ESI and will meet and confer and attempt in good

faith to reach agreement regarding any procedures and processes related to the

production of electronically stored information which are not in accord with the

Model Protocol for Discovery of ESI.

**D. Privilege Issues:** If discovery becomes necessary, the parties will meet and confer

with the intention to agree to a protective order based on the Court's Model Stipulated

Protective Order, which includes provisions related to privilege issues governed by

Federal Rule of Evidence 502, and will meet and confer and attempt in good faith to

reach agreement regarding any procedures and processes related to privilege issues

which are not in accord with the Model Stipulated Protective Order.

**E. Proposed Limitations on Discovery:** The parties believe the default discovery limits

under the Federal Rules of Civil Procedure should not be altered at this time. This

statement is without prejudice to the right of any party to seek relief from those

limitations should future circumstances warrant.

**F. Discovery Orders:** If discovery becomes necessary, the parties intend to meet and

confer regarding agreement to an ESI protocol and Protective Order based on the

Court's model protocol and protective order, as discussed above.

**5. Case Management Topics Under LCR 26(f)(1).**

**A. Prompt Case Resolution:** As discussed above, the parties believe they may be able

to avoid the need for discovery by agreeing to stipulated facts to serve as the basis for

cross-motions for summary judgment or partial summary judgment.  The parties are

currently negotiating regarding those stipulated facts.  If the parties reach agreement

on stipulated facts, they intend to inform the Court and propose a briefing schedule for cross-motions for summary judgment or partial summary judgment.

If Defendants' anticipated motion for summary judgment is granted, the case will be resolved.  If Plaintiffs' anticipated motion for partial summary judgment is granted, discovery necessary for the resolution of the remaining issues in the action including, but not limited to, class certification, and the remaining, if any, merits issues such as alleged damages, will proceed.

If the parties do not reach agreement on stipulated facts by November 30, 2018, they will proceed to discovery.  In that circumstance, the parties might file early dispositive motions, as well as early motions related to class certification.  The parties reserve all available arguments that any early motion from the opposing party filed before discovery is completed is improper and should be denied.  The parties agree to meet and confer by telephone or email before they file any class certification or dispositive motion to attempt in good faith to agree upon a briefing schedule for any such motion before it is filed and to allow the opposing parties a reasonable amount of time to discuss these matters before any such motions are filed.

**B. Alternative Dispute Resolution:** The parties do not currently believe that alternative dispute resolution would be fruitful.

**C. Related Cases:** The parties know of no related cases as defined in Local Civil Rule 3(g).

**D. Discovery Management:** The parties see no need for a special master, Magistrate Judge, or other discovery management mechanism to facilitate discovery in this case at this time.

**E. Anticipated Discovery Sought:** See the discussion of the subjects, timing, and potential phasing of discovery in section 4.B above.

**F. Phasing Motions:**

Cross-motions for summary judgment or partial summary judgment: As discussed above, the parties are currently negotiating regarding stipulated facts that would serve as the basis for cross-motions for summary judgment or partial summary judgment. If the parties reach agreement on stipulated facts by November 30, 2018, they intend to inform the Court and propose a briefing schedule for those cross-motions.

Class certification motions. If Defendants' anticipated motion for summary judgment is granted, the case will be resolved. If Plaintiffs' anticipated motion for partial summary judgment is granted, discovery necessary for the resolution of the remaining issues in the action including, but not limited to, class certification, and the remaining, if any, merits issues such as alleged damages, will occur, followed by resolution of class certification motions and then any remaining motions for summary judgment.

The Court's resolution of the legal issues that the parties expect would be presented in cross-motions for summary judgment or partial summary judgment could have a significant impact on plaintiffs' request for a class action. If the parties reach an agreement on stipulated facts on which to base cross-motions for summary judgment or partial summary judgment, the parties will request that the Court extend the current deadline for class certification motions set forth in Local Civil Rule 23(i)(3) to one hundred (100) days following the ruling on the parties' cross-motions,

if any class certification motions are necessary following that ruling.  If the parties do not reach an agreement on stipulated facts by November 30, 2018, the parties will request that the Court extend the current deadline for class certification motions to thirty (30) days after the close of discovery.

Dispositive motions deadline.  If the parties cannot agree to stipulated facts, the parties believe the deadline for dispositive motions should be the later of either thirty (30) days after the close of discovery or thirty (30) days after any class certification motions are resolved.

**G. Preservation of Discoverable Information:** The parties intend to comply with all requirements regarding preservation of discoverable information. Counsel have advised their clients of the requirements concerning preservation of discoverable information.

**H. Privilege Issues:** As discussed in section 4.D. above, if discovery becomes necessary either because the parties do not reach agreement on stipulated facts or after the Court resolves the cross-motions for summary judgment or partial summary judgment, the parties will meet and confer with the intention to agree to a protective order based on the Court's Model Stipulated Protective Order, which includes provisions related to privilege issues governed by Federal Rule of Evidence 502, and will meet and confer and attempt in good faith to reach agreement regarding any procedures and processes related to privilege issues which are not in accord with the Model Stipulated Protective Order.

**I. Model Protocol for Discovery of Electronically Stored Information ("ESI"):** As discussed in section 4.C above, if discovery becomes necessary, the parties will meet

and confer with the intention to agree to an ESI protocol based on the Court's Model

Protocol for Discovery of ESI and will meet and confer and attempt in good faith to

reach agreement regarding any procedures and processes related to the production of

electronically stored information which are not in accord with the Model Protocol for

Discovery of ESI.

**J.  Alternative to Model ESI Protocol:** As discussed above, if discovery becomes

necessary, the parties will meet and confer and attempt in good faith to reach

agreement regarding any procedures and processes related to the production of

electronically stored information which are not in accord with the Model Protocol for

Discovery of ESI.

**6.  Discovery Completion Date.**

 If the parties agree to a set of stipulated facts, discovery will be unnecessary until after

the Court resolves the parties' anticipated cross-motions for summary judgment or partial

summary judgment.  After the Court resolves those anticipated cross-motions, the parties

will meet and confer to determine if class-related and damages-related discovery is

necessary and will propose relevant deadlines, if any, at that time.

If the parties do not reach agreement on stipulated facts by November 30, 2018, the

parties propose that April 30, 2019 be set as the deadline for the close of discovery.  The

parties reserve the right to request an extension of that deadline should the circumstances

warrant it.

7.  **Case Bifurcation.**

The parties do not believe that any trial in this case should be bifurcated between liability

and damages or in any other way.  If this case is not resolved through dispositive

motions, any trial evidence regarding the determination of potential damages would not be complex.

**8. Pretrial Statements and Order.**

The parties believe that, if trial is necessary, the pretrial statements and pretrial order called for by the Local Civil Rules will be necessary and appropriate and should not be dispensed with.

**9. Any other suggestions for shortening or simplifying the case.**

The parties do not have other suggestions for shortening or simplifying the case, beyond those discussed above regarding seeking to agree to stipulated facts on which to base cross-motions for summary judgment or partial summary judgment.

**10. The date the case will be ready for trial.**

As discussed above, if the parties cannot agree to stipulated facts, the parties believe the deadline for discovery should be April 30, 2019, the deadline for class certification motions should be thirty (30) days following the close of discovery, and the deadline for dispositive motions should be the later of either thirty (30) days after the close of discovery or thirty (30) days after any class certification motions are resolved. The parties anticipate that the case will be ready for trial within twelve (12) months of the filing of this Joint Status Report, but believe that a trial should not be scheduled until dispositive motions and class certification motions, if any, are resolved by the Court. Following the resolution of such motions, if a trial is necessary, the parties will meet and confer and file a joint report proposing trial-related dates.

**11. Jury or Non-July Trial.**

No party has demanded a jury trial.

**12. Trial Days.**

If any trial is necessary, the number of trial days will be contingent upon whether this Court grants class certification and how the Court rules on dispositive motions. The parties will meet and confer on matters related to trial after this Court rules on dispositive motions and class certification motions.  If a trial is necessary, the parties will propose dates related to a trial at that time.

**13. Trial Counsel.**

**A.  For Plaintiffs:**

    James G. Abernathy, WSBA #48801
    Caleb Jon Vandenbos, WSBA #50231
    c/o Freedom Foundation
    P.O. Box 552
    Olympia, WA 98507
    Telephone: (360) 956-3482
    Facsimile:   (360) 352-1874
    Email: JAbernathy@myfreedomfoundation.com
             CVandenbos@myfreedomfoundation.com

**B.  For State Defendants Governor Jay Inslee, David Schumacher, John Wiesman, Cheryl Strange, Roger Millar, and Joel Sacks:**

    ROBERT W. FERGUSON,
    ATTORNEY GENERAL

    Alicia O. Young, WSBA #35553
    Kelly M. Woodward, WSBA #46075
    Assistant Attorneys General

    Office of the Attorney General
    PO Box 40111
    Olympia, WA 98504-0111
    (360) 709-6470
    AliciaO@atg.wa.gov
    KellyW2@atg.wa.gov

1

**C. For Defendant Washington Federation of State Employees, AFSCME Council 28:**

2

3

Edward Earl Younglove III, WSBA #5873
YOUNGLOVE & COKER, P.L.L.C.
Attorneys At Law
Westhills II Office Park
1800 Cooper Point Rd Sw, Bldg 16
PO Box 7846
Olympia, Washington 98507-7846
(360) 357-7791
edy@ylclaw.com

4

5

6

7

Scott A. Kronland, *Pro Hac Vice* (Lead counsel)
P. Casey Pitts, *Pro Hac Vice*
Matthew J. Murray, *Pro Hac Vice*
Kristin M. García, *Pro Hac Vice*
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
skronland@altshulerberzon.com
cpitts@altshulerberzon.com
mmurray@altshulerberzon.com
kgarcia@altshulerberzon.com

8

9

10

11

12

13

14

**14. Trial Counsel Problem Dates for a Trial Date.**

15

If any trial is necessary, trial-related dates will be contingent upon whether this Court

16

grants class certification and how the Court rules on dispositive motions. The parties will

17

meet and confer on matters related to trial after this Court rules on dispositive motions

18

and class certification motions.  If a trial is necessary, the parties will propose dates

19

related to a trial at that time.

20

15. **Status of Defendants' Service.**

21

All Defendants have been served.

22

**16. Scheduling Conference Desirability Prior to Issuance of Scheduling Order.**

23

At this time, the parties do not see a need for a scheduling conference.

24

**17. Corporate Disclosure Statement.**

Defendant Washington Federation of State Employees, AFSCME Council 28 filed a

Corporate Disclosure Statement on October 31, 2018.  (Dkt. 40.)

DATED this 13th day of November, 2018.

By:   */s/ James G. Abernathy*
      James G. Abernathy, WSBA #48801
      c/o Freedom Foundation
      P.O. Box 552
      Olympia, WA 98507
      Telephone: (360) 956-3482
      JAbernathy@myfreedomfoundation.com

      *Attorney for Plaintiffs*


      ROBERT W. FERGUSON,
      ATTORNEY GENERAL

      */s/ Kelly M. Woodward*
      Alicia O. Young, WSBA #35553
      Kelly M. Woodward, WSBA #46075
      Assistant Attorneys General

      Office of the Attorney General
      PO Box 40111
      Olympia, WA 98504-0111
      (360) 709-6470
      AliciaO@atg.wa.gov
      KellyW2@atg.wa.gov

      *Attorneys for State Defendants Jay Inslee, David*
      *Schumacher, John Wiesman, Cheryl Strange,*
      *Roger Millar, and Joel Sacks*


      Edward Earl Younglove III, WSBA #5873
      YOUNGLOVE & COKER, P.L.L.C.
      Attorneys At Law
      Westhills II Office Park
      1800 Cooper Point Rd Sw, Bldg 16
      PO Box 7846
      Olympia, Washington 98507-7846
      (360) 357-7791

1          edy@ylclaw.com

2          */s/ Scott A. Kronland*
           Scott A. Kronland, *Pro Hac Vice*
3          P. Casey Pitts, *Pro Hac Vice*
           Matthew J. Murray, *Pro Hac Vice*
4          Kristin M. García, *Pro Hac Vice*
           ALTSHULER BERZON LLP
5          177 Post Street, Suite 300
           San Francisco, CA 94108
6          (415) 421-7151
           skronland@altshulerberzon.com
7          cpitts@altshulerberzon.com
           mmurray@altshulerberzon.com
8          kgarcia@altshulerberzon.com

9          *Attorneys for Defendant Washington Federation of*
           *State Employees, AFSCME Council 28*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on November 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel/parties of record. I hereby certify that no other parties are to receive notice.

3

4

5

                  By: s/James G. Abernathy
                  James G. Abernathy, WSBA #48801

6

                  c/o Freedom Foundation
                  P.O. Box 552 Olympia, WA 98507
                  p. 360.956.3482 f. 360.352.1874

7

                  jabernathy@freedomfoundation.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24